GRAFICART CORPORATION, recurrente, *v.* JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, demandada.

*Número:* O-67-401          *Resuelto:* 24 de junio de 1969

*Dubón & Dubón* y *Celso Suárez Alicea,* abogados de la recurrente; *J. F. Rodríguez Rivera, Procurador General Interino, Celia Canales de González, Marta Ramírez de Vera* y *José E. Rodríguez Rosaly,* abogados de la demandada.

Sala Primera integrada por el Juez Asociado Señor Pérez Pi-

mentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 26 de junio de 1967 se presentó ante la Junta de Relaciones del Trabajo de Puerto Rico la querella en este caso contra las siguientes tres razones sociales, Graficart Corporation y/o Imprenta La Milagrosa y/o Congregación San Vicente de Paul. En la misma se alegó lo siguiente:

"1.—Los querellados se dedican o se han dedicado a la operación y administración de una imprenta, labores en las cuales utilizan los servicios de empleados y son patronos en el significado de la Ley.

2.—La querellante es una organización obrera en el significado de la Ley, que representa, a los fines de la negociación colectiva, a los empleados de los querellados.

3.—En o desde el 11 de agosto de 1964 los querellados han rehusado y continúan rehusando negociar colectivamente con la Unión de Tipógrafos de Puerto Rico, Local 478, AFL-CIO.

4.—En o desde el 14 de agosto de 1964 los querellados han discriminado con la tenencia de empleo de sus empleados al decretar un paro forzoso (lock-out) por las actividades gremiales de sus empleados.

5.—Por la conducta anterior los querellados violaron y continúan violando el Artículo 8(1) (a) (c) y (d) de la Ley de Relaciones del Trabajo de Puerto Rico, 29 L.P.R.A. sec. 69(1) (a) (c) y (d)."

En la querella se apercibió a los querellados que de no contestar dentro del plazo reglamentario de cinco días concedídole se darían por admitidas las alegaciones de la querella y se entendería que se renunciaba a la audiencia pública y al Informe del Oficial Examinador. Expiró el plazo y los querellados no contestaron la querella.

Previo unos trámites que es innecesario pormenorizar la Junta, mediante su Resolución de 18 de agosto de 1967, accedió a una moción de la recurrente y señaló la vista del caso para el 7 de septiembre de ese año. Todavía en dicho 7 de septiembre de 1967, día fijado para la audiencia pú-

blica, las querelladas no habían contestado la querella y por tal motivo el Oficial Examinador declaró a las mismas en rebeldía. A la audiencia se personó un abogado de la recurrente y expresó que la contestación estaba preparada pero que no la podía presentar porque no estaba firmada y porque no sabía si el director de la firma que representaba estaba de acuerdo con lo expresado en ella.

Ante esa situación el Oficial Examinador rindió su informe a la Junta recomendándole dar por admitidas todas las alegaciones de la querella. En 15 de septiembre de 1967 la recurrente solicitó la celebración de una vista, la cual fue denegada por la Junta. En 11 de octubre de 1967 la Junta emitió su Decisión y Orden mediante la cual adoptó las conclusiones del Oficial Examinador y aprobó sus recomendaciones. Expresó la Junta en su Decisión y Orden: "A esta fecha, a pesar de que objetan las recomendaciones del Oficial Examinador, ninguno de los querellados ha ofrecido su contestación a la querella."

En vista de lo anterior y a base del informe del Oficial Examinador, de las disposiciones de ley y de reglamento y en vista de lo que consideró una actitud de menosprecio asumida por los querellados hacia la Junta, la misma ordenó a cumplir con las recomendaciones del Oficial Examinador, que la Junta hizo suyas y que consisten en ordenar a la Imprenta La Milagrosa y/o Graficart Corporation y/o Congregación San Vicente de Paul a:

"1.—Cesar y desistir de:

(a) Rehusar negociar colectivamente con la Unión de Tipógrafos de Puerto Rico, Local 478, AFL-CIO, como la representante colectiva de sus empleados a los fines de la negociación colectiva.

(b) Intervenir con sus empleados en el ejercicio de los derechos garantizados por el Artículo 4 de la Ley de Relaciones del Trabajo de Puerto Rico.

2.—Tomar la siguiente acción afirmativa para ayudar a efectuar los propósitos de la Ley:

(a) Negociar colectivamente con la Unión de Tipógrafos de Puerto Rico, Local 478, AFL-CIO, a requerimiento de ésta, como la representante exclusiva de sus empleados a los fines de la negociación colectiva.

(b) Reponer a sus trabajos, o a unos similares, los empleados suspendidos discriminatoriamente, mediante el paro patronal (lock-out) decretado el 14 de agosto de 1964, y compensarles con los salarios dejados de percibir desde entonces menos el ingreso, si alguno, que hubieran percibido durante ese período por concepto de salarios.

(c) Fijar inmediatamente en sitios conspicuos de su negocio y mantener fijado por un período no menor de sesenta (60) días consecutivos desde su fijación, copia del aviso que se hace formar parte del presente Informe.

(d) Notificar al Presidente de la Junta dentro de los diez (10) días siguientes a la fecha de este Informe, las providencias tomadas para cumplir con lo aquí ordenado."

La recurrente niega que sean ciertas las imputaciones que contiene la decisión y orden de la Junta y que ésta dio por admitidas al no ser negadas, conforme la facultad que le otorga la ley[1] y además alega que la orden de la Junta es de imposible cumplimiento porque le ordena hacer lo mismo a tres firmas o entidades.

Como hemos visto por el texto de la ley antes citada, la Junta actuó dentro de la discreción que la ley le permite y no encontramos razones que justifiquen que intervengamos con esa determinación de la Junta. Tampoco es correcta la alegación de que la orden es de imposible cumplimiento porque le ordene hacer lo mismo a tres firmas ya que la orden de la Junta está dirigida a "Imprenta La Milagrosa y/o Graficart Corporation y/o Congregación San Vicente de Paul," de manera que la orden de la Junta debe ser obe-

---

[1] "Todas las alegaciones contenidas en cualquier querella así expedida que no sean negadas se considerarán como admitidas y la Junta podrá en tal virtud hacer conclusiones de hecho y de ley respecto a las alegaciones de la querella no negadas. . . ."—29 L.P.R.A. sec. 70(1)(a); Art. 9 de la Ley Núm. 130 de 8 mayo 1945.

decida por la querellada o querelladas a quienes corresponda cumplirla. *Lo que corresponde hacer, y así se ordenará, es devolver este caso a la Junta de Relaciones del Trabajo para que ésta celebre una vista únicamente al efecto de determinar la responsabilidad de la recurrente respecto al cumplimiento de la orden de la Junta y la cuantía de paga atrasada, si alguna, que debe satisfacer la recurrente a los empleados despedidos discriminatoriamente.*